Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered January 13, 2015. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, as a class E felony, and aggravated unlicensed operation of a motor vehicle in the third degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i] [A]), defendant contends that his waiver of the right to appeal is invalid and does not in any event encompass his challenge to the severity of the sentence. We conclude that “ ‘[t]he written waiver of the right to appeal, together with defendant’s responses during the plea proceeding, establish that the waiver was voluntarily, knowingly, and intelligently entered’ ” (People v Smith, 122 AD3d 1420, 1420 [2014], lv denied 25 NY3d 1172 [2015]; see People v Ramos, 7 NY3d 737, 738 [2006]). Contrary to defendant’s contention, “[a]ny nonwaivable issues purportedly encompassed by the waiver ‘are excluded from the scope of the waiver [and] the remainder of the waiver is valid and enforceable’ ” (People v Neal, 56 AD3d 1211, 1211 [2008], lv denied 12 NY3d 761 [2009]). Nonetheless, even assuming, arguendo, that defendant’s challenge to the severity of his sentence is not encompassed by his valid waiver of the right to appeal (see e.g. People v Leiser, 124 AD3d 1349, 1350 [2015]), we conclude that the sentence is not unduly harsh or severe.
*1527 Present — Peradotto, J.P., Carni, Lindley, Curran and Scudder, JJ.